Scott, J.
Defendant in error brought an action in the-court below, which holds monthly terms, seeking to recoveiof the plaintiff in error the sum of $951, with interest, which she claimed to be due her on a policy of insurance-issued to her by the plaintiff in error on the life of her husband. The suit was commenced July 28,1873. Summons was on that day issued and served on an agent of the company, but plaintiff in error made no appearance to the action, by answer or otherwise, till February 16, 1874. The-case had, in the meantime, been continued at each of the intervening monthly terms, but at whose instance the record does not disclose. At the last-named date, the insurance company appeared and filed an application for the re *279 moval of the case to the Circuit Court of the United States for the Southern District of Ohio. This application was based on the foreign citizenship of the plaintiff in error, and was made under the third subdivision of section 689 of the judiciary act of congress, passed September 24, 1789, as amended in 1866 and 1877 (Rev. Stat. at Large, 113). Under this act the party desiring to remove could make his application for such removal at any time before the trial or final hearing of the cause in the state court.
This application was not acted on by the court below till the 15th of June, 1874, when it was overruled, and this action of the court is here assigned for error.
But as that application did not allege that the plaintiff below was a citizen of Ohio at the commencement of her action, and as that fact did not otherwise appear from the record, there was no error in overruling the application. Ins. Co. v. Pechner, 95 U. S. (5 Otto) 183.
The case was thereupon continued from term to term, and no pleading was filed by the defendant below, till the 26th of May, 1875, when the defendant below filed a second application for removal, and, on the 31st day of the same month, the following journal entry was made :
“ It appearing to the court that the defendant has filed herein its petition or application to remove this cause to the Circuit Court of the United States, ■ within and for the southern district of Ohio, for trial, and it further appearing that said defendants have filed in this court a bond for such removal, which is approved by the court. Thereupon this cause came on to be heard upon said application to remove, and was argued by counsel, and the court, being fully advised in the premises, overrules said application, to which ruling the defendant, by its counsel excepts. The defendants have leave to answer by May 31, 1875.”
The application thus overruled was in the following terms :
“ The defendant, the Phcenix Mutual Life Insurance Company, of Hartford, Connecticut, represents that the plaintiff is a citizen of the State of Ohio, and that the de *280 fendant herein is a corporation, organized under the laws of the State of Connecticut. That its principal place of business is in the city of Hartford, in said state, and that its president, secretary, and all other directors and managing officers, are residents and citizens of the State of Connecticut aforesaid, and all the stockholders of said company are citizens of others of the United States than the State of Ohio.
“ Wherefore, the said defendant, now entering its appearance in this court, for the purposes of this petition, and no other, prays that the court may order the removal of this cause, for trial, from this court into the Circuit Court of the United States, within and for the southern district of Ohio.”
A reversal of the judgment subsequently rendered in the ease against the plaintiff in error, by the court below, is asked, on the ground of error in overruling this second application for removal.
Counsel for defendant in error suggest that the application is defective in not alleging that the amount in controversy exceeded $500. But this fact was clearly shown by the petition of plaintiff below, then on file, which, as we think, rendered such allegation unnecessary.
It is also claimed that the application is defective in not stating the citizenship of the parties at the time of the commencement of the action. But this application was made in May, 1875, when the statute governing the subject was the act of congress of March 3, 1875 (18 U. S. Stat. at Large, 470). So far as citizenship is concerned, that act makes the right of removal to depend wholly upon the status of the parties at the time of the application. The language of so much of it as bears on the present case is as follows:
“ Sec. 2. Any suit of a civil nature, at law or in equity, now pending, or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum of $500, and ... in which there shall be a controversy between citizens of different states, . . . either party may remove said suit,” etc.
*281 So far as relates to the status of the parties, this section •only requires that a suit be fending in a state court, in which there shall be a controversy between citizens of different states; and the right of removal is not made to depend on their citizenship at the commencement of the action.
Finally, it is objected to the regularity of the second application for removal, that it was not made and filed within •the time prescribed by the act of 1875.
The third section of that act requires that the application be made and filed in the state court “ before or at the term at which said cause could be first tried, and before the trial thereof.” Here the question arises, what is “ the term at which a cause can be first tried?” The meaning ■of this expression is perhaps not so clear as to be free from •doubt. Does it mean the first term at which, under the laws of the state and the rules of practice, the cause would first regularly stand for trial, on its merits, upon issues which have been joined between the parties by their pleadings, or, the term at which the cause would first have thus stood for trial, if neither party had been guilty of any •default in pleading? We are not aware that any authoritative construction has yet been given to this clause by the ¡Supreme Court of the United States. But the question of its proper construction has more than once arisen in the circuit courts of the United States, as well as in state courts of high respectability. Thus, it arose in the fourth •circuit, in the case of Gurnee v. The County of Brunswick, tried at Richmond, in 1876, Chief Justice Waite, presiding. In discussing the question the Chief Justice said: “The right of removal is a statutory right. To support- the juris■diction of this court, therefore, the plaintiff must bring himself strictly within the provisions of the statute. The law requires that the petition for removal shall be filed in the state court ‘ before or at the term at which said cause could first be tried, and before the trial thereof.’ A cause can ■not be tried until in some form an issue has been made up for trial.- The pleadings or statements necessary to make ■the issue are regulated by the practice in the court where *282 the trial is to be had. As soon as the issue is made up the cause is ready for trial. The parties and the court may not be ready, but the cause is. • The first term, therefore, at which a cause can be tried is the first term at which there is an issue for trial. An application for removal, to be in time, must be made before or at this term.” 1 Hughes’ Circuit Court, 270.
The same construction .was given to this clause by Judge Drummond of the seventh circuit, in Scott v. Clinton & Springfield R. R. Co., 6 Bissel, 529. In that case, it is true, it was not found necessary to decide “ whether the parties seeking a removal could be guilty of such laches as to prevent it, although an issue had not been made up, and the cause might not be ripe for hearing.” But, as the statute-of 1875 gives the right of removal to each of the parties alike, we should find it difficult to hold that “ the term at which the cause could first be tried,” means one thing as to a plaintiff, and a different thing as to a defendant.
So, in Warner v. Penn. R. R. Co., 18 N. Y. Superior-Court Rep. (6 Hun.), 197, it was held, that the statute requires the application for removal to be made “ before or at the-first court having authority to try the cause, after issue has-been joined, or, in cases pending and at issue when the law went into effect, at the first court afterward held for which it could be noticed for trial.”
A majority of the court approve and are disposed to follow these authorities, especially as they have found no reported case in which the clause in question has been construed otherwise.
It follows that as the second application for removal was-made to the court below, before any issue was joined between the parties by the pleadings, it was made before the term at which the cause could first be tried, within the meaning of the statute.
"We think the court erred in overruling this application and proceeding to trial and judgment in the case. The judgment below will therefore be reversed, and the cause *283 remanded, with instructions to order its removal to the proper district court.

Judgment accordingly.